CULPEPPER, Judge.
This is a suit for damages for personal injuries caused by an automobile accident. Plaintiff, Mrs. Rena Derouen, was a passenger in an automobile being driven by her husband, Elleris J. Derouen, and insured by the defendant, Allstate Insurance Company. The Derouen vehicle struck the rear of an automobile being operated by the defendant, Charles LaFleur, which was being towed by another automobile driven by the defendant, Wilton L. Guidry. Service was not accomplished on Charles La-Fleur and he is not before the court. A jury found the accident was caused solely by the negligence of Mr. Derouen. Allstate appealed.
The issues are: (1) Negligence of Eller-is J. Derouen; (2) contributory negligence of Mrs. Derouen; and (3) the quantum of the award.
The accident occurred during a heavy fog on the night of November 14, 1965. The scene is near Lake Charles on Interstate Highway No. 10, a four-lane thoroughfare running east and west. Guidry, in his automobile, was towing the LaFleur vehicle, which had a weak battery. They were in the outside lane for west bound traffic. Guidry’s car stalled. Within a few moments the Derouen automobile, *89 which was also traveling west, struck the LaFleur vehicle from the rear.
All of the witnesses testified it was a foggy night. Guidry described the fog as “horrible.” The state trooper said it was “foggy.” Mrs. Derouen also said it was “foggy.” Mrs. Vinson, a passenger in the Derouen automobile, said there was a “big sheet of fog.” Another passenger, Mrs. Mere, described the weather conditions as “real foggy.” The defendant, Mr. Der-ouen, said there was a “big fog” and that he could see only about 40 feet ahead.
The evidence also shows that Mr. Der-ouen was traveling at a speed of 40 to 45 miles per hour. He did not see the unlighted LaFleur automobile in time to stop within the range of his vision.
The applicable law is set forth in the case of Hernandez v. State Farm Mutual Automobile Insurance Company, La.App., 192 So.2d 679 (3rd Cir.1966) as follows:
“The jurisprudence of this state is firmly established to the effect that when visibility is materially impaired because of smoke, mist, dust, fog or other atmospheric conditions, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent, and keep his car under such control as to reduce to a minimum the possibility of accident from collision. And, as an extreme measure of safety, it is his duty when visibility ahead is not possible or is greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril.” (citations omitted)
There was ample evidence for the jury to find that Derouen’s visibility was materially impaired by the fog and that at a speed of 40 to 45 miles per hour he could not stop within the range of his vision. Hence, the evidence is sufficient to support the verdict for plaintiff under the above stated rule of law.
Defendant relies on Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956) and its progeny which hold a night motorist free of negligence where he strikes an unusual obstruction on the highway, such as an unlighted vehicle. Of course, this line of jurisprudence is now well established, but it does not apply in situations like the present one, where visibility is materially impaired by fog, smoke, etc.
The next issue is whether Mrs. Derouen was contributorily negligent in riding with a driver whom she knew, or should have known, to be intoxicated. There is no evidence to support this argument.
The final issue is whether the award of $8,000 to Mrs. Derouen was excessive. Immediately after the accident on November 14, 1965, she was taken to the Lake Charles Memorial Hospital. Her injuries were diagnosed as a large laceration of the forehead, approximately 4 inches in length and extending about 2 inches below the hairline. Also, she sustained bruises on the left elbow and the left hip. She remained in the hospital 2 days. The laceration healed and the 20 sutures were removed 8 days after the accident. She had some pain in the hip area and in the neck until the latter part of January, 1966. By that time she had recovered from the accident except for the scar on her forehead and the possible aggravation of pre-exist-ing hypertension.
Dr. James Albert Brown, a neurosurgeon from Houston, Texas, saw Mrs. Der-ouen a total of 13 times and opined that her hypertension was aggravated by anxiety caused by the accident.
Although the expert medical opinion is in conflict as to the aggravation of the hy *90 pertension, the residual scar on the forehead is permanent and is quite disfiguring. Pictures show Mrs. Derouen is an attractive lady and her damage due to the facial scarring is substantial. Under all the circumstances, we find no abuse of the jury’s large discretion in awarding $8,000 for pain, suffering, mental angufsh and disfigurement. See Coleman v. Argonaut Insurance Company, La.App., 187 So.2d 495 (3rd Cir. 1966).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.